# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

           *Plaintiff*,

  v.

H&R BLOCK, INC.;
2SS HOLDINGS, INC.; and
TA IX L.P.,

           *Defendants*.

Civil Action No. 11-00948 (BAH)
Judge Beryl A. Howell

## **PROPOSED JOINT SCHEDULING AND CASE MANAGEMENT ORDER**

In accordance with Rules 16 and 26 of the Federal Rules of Civil Procedure, Rule 16 of the Local Rules of the United States District Court for the District of Columbia, this Court's Standing Order for Civil Cases and all other applicable rules, the Court hereby ORDERS as follows:

### I. PLEADING AND MOTIONS BRIEFING

1. Plaintiff having filed its complaint on May 23, 2011, Defendants shall file their Answers the first business day after this Order is entered. Plaintiff shall file its motion for a preliminary injunction and supporting papers (consistent with LCvR 65.1(c)) by no later than August 15, 2011. Defendants shall file their Oppositions to Plaintiff's motion for a preliminary injunction and supporting papers (consistent with LCvR 65.1(c)) by no later than August 26, 2011. Plaintiff shall file its reply papers by no later than September 1, 2011. Plaintiff and Defendants shall file, on September 1, 2011, their respective Pretrial Statements, which are to conform, as much as applicable, to LCvR 16.5. Pretrial Statements need not include materials and information covered by LCvR 16.5(b)(v) and (vi) as those items are

anticipated elsewhere in this Order.  Consistent with the provisions in Part III of this Proposed Joint Scheduling and Case Management Order, any declarations submitted in support of the preliminary injunction motion or oppositions to the motion will be considered by the Court in ruling on the motion.

## II.     INITIAL DISCLOSURES

2.     In lieu of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), the parties shall provide disclosures as follows under the terms and conditions set forth below:

(a) <u>Plaintiff's Initial Disclosures</u>:

i. Plaintiff shall produce to Defendants all correspondence, documents, data, oral examination transcripts, depositions or any other materials and statements, and executed declarations and affidavits, whether in hard-copy or electronic form, exchanged between Plaintiff (including Plaintiff's counsel) and any non-party (including the non-party's counsel) in anticipation of or in the course of Plaintiff's investigation, which means the Department of Justice's inquiry into the proposed acquisition of 2SS Holdings Inc. by H&R Block, Inc. (collectively, "Investigation Materials").  Plaintiff shall produce these Investigation Materials regardless of whether those materials were received informally or through compulsory process, such as a subpoena or a Civil Investigative Demand.  Plaintiff is not required to produce back to Defendants documents or other written materials originally received from Defendants or provided by the Department of Justice to the Defendants during the investigation, transcripts of depositions of Defendants' employees or representatives that

the Department of Justice authorized to be released to the Defendants, communications between counsel for Defendants and counsel for the United States, and documents that were not directly or indirectly furnished to any third party, such as internal memoranda authored by counsel for the United States. This Paragraph shall not be construed as requiring the production of Plaintiff's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or material subject to the deliberative process or any other governmental privilege.

    ii. The disclosures set forth in Paragraph 1(a) shall be made on a rolling basis, and shall be completed within fourteen (14) calendar days from the entry of the Protective Order. In order to avoid unnecessary delay incurred in the encryption of Plaintiff's production, Defendants shall pick up all of Plaintiff's electronic document productions at Plaintiff's offices in Washington, D.C.

(b) <u>Defendants' Initial Disclosures</u>:

    i. Defendants shall produce to Plaintiff copies of all correspondence, documents, data, oral examination transcripts, depositions or any other materials and statements, and executed declarations and affidavits, whether in hard-copy or electronic form, exchanged between any Defendant (including Defendants' counsel) and any non-party (including the non-party's counsel) in anticipation of, in the course of responding to, or otherwise relating to, Plaintiff's investigation. Defendants are not

>     required to produce back to Plaintiff documents or other written materials
>     originally received from Plaintiff or documents or other written materials
>     already provided to Plaintiff, communications between counsel for the
>     Defendants and counsel for the Plaintiff relating to the Department of
>     Justice's investigation or challenge of the proposed transaction, and
>     documents that were not directly or indirectly furnished to any third party,
>     such as internal memoranda authored by counsel for the Defendants.  This
>     Paragraph shall not be construed as requiring the production of
>     Defendants' attorney work product, confidential attorney-client
>     communications, privileged joint defense communications, or
>     communications with or information provided to any potentially or
>     actually retained expert.
>
>  ii. The disclosures set forth in Paragraph 1(b) shall be made on a rolling
>     basis, and shall be completed within fourteen (14) calendar days from the
>     entry of the Protective Order.

### III.     WITNESS LISTS

3.      On July 8, Plaintiff and Defendants shall exchange their initial lists of fact witnesses.  Each list may contain no more than ten (10) fact witnesses that the side providing the list believes may testify on its behalf, live or in deposition.  By no later than July 22, Plaintiff and Defendants may supplement their respective lists by no more than five (5) additional fact witnesses.  For each new witness, the side adding the witness shall explain, in writing, why that witness was not on the initial witness list.  Other than declarations of counsel, any declaration that Plaintiff intends to submit in support of its Motion for a

Preliminary Injunction or Reply, or that Defendants intend to submit in support of their Opposition to the Preliminary Injunction, must be provided to the other side by no later than July 8, 2011, unless the declaration has not, in good faith, been executed by that date, in which case it must be provided to the other side by no later than July 15, 2011.  In the event a party intends to submit a declaration on July 15, 2011, that party must give notice to the other side by no later than July 8, 2011 of that anticipated declaration.  Non-counsel declarations that are not exchanged in accordance with the preceding sentences will not be considered by the Court in ruling on the Motion for a Preliminary Injunction.  In Defendants' Opposition to the Preliminary Injunction, Defendants may aver to testimony they anticipate a witness will provide at the hearing.  In Plaintiff's Reply thereto, Plaintiff may aver to testimony it anticipates a witness will provide at the hearing.

4. On August 22, Plaintiff and Defendants will exchange final witness lists for their cases-in-chief.  Each list may include any fact witness that was on either side's July 8th or July 22nd list, except that neither the Plaintiff's nor the Defendants' final witness list for their case in chief may contain more than eight (8) fact witnesses and four (4) expert witnesses.

5. On August 26, Plaintiff will disclose to Defendants the witnesses that it plans to call on rebuttal (if any), or if good cause exists for Plaintiff not to disclose its rebuttal witnesses on August 26, the witnesses must be disclosed as soon after August 26 as is possible, including the use of after-hours service.  Plaintiff will explain, in writing, with its disclosure why any rebuttal fact witness was not on the final fact witness list.  Any fact rebuttal witness must have already been deposed, have been on a parties' July 8th or July 22nd witness lists, or have been identified to Defendants prior to the exchange of final witness lists on August 22, unless good cause exists to excuse non-compliance with the foregoing

requirements. Defendants will have a reasonable opportunity to depose any rebuttal witnesses that have not already been deposed and that were not listed on a party's July 8th or July 22nd witness lists at least one (1) business day before cross examination. Plaintiff may not call more than two (2) rebuttal fact witnesses and two (2) rebuttal expert witnesses.

## IV.   DISCOVERY PERIOD

6.   The period for fact discovery (other than for purposes of establishing authenticity or admissibility) shall begin after the Court enters this Order and shall be completed by August 12, except for (1) the receipt of responses to document requests that Defendants may issue to nonparties to obtain information relevant to the evaluation of any of Plaintiff's expert reports, and (2) depositions of Plaintiff's rebuttal witnesses that are not on either side's July 8th or July 22nd witness lists and were not already deposed before their identification as rebuttal witnesses.

7.   The service of interrogatories, requests for admission, and document requests to the parties and nonparties shall be completed by July 12, except for document requests that Defendants may issue to nonparties to obtain information relevant to the evaluation of any of Plaintiff's expert reports.

8.   The period during which Defendants may serve document requests to nonparties to obtain information relevant to the evaluation of any of Plaintiff's expert reports shall commence on July 25 and be completed by July 28.

9.   The period for expert discovery shall begin after the Court enters this Order and shall be completed by August 31. Depositions of experts will commence on August 25, unless otherwise agreed by the parties. Plaintiff's primary testifying expert(s) will be

deposed first.  Defendants' primary testifying expert(s) will be deposed thereafter.  Rebuttal experts will be deposed thereafter.

## V.   WRITTEN DISCOVERY

10. Defendants (combined) shall propound no more than fifteen (15) interrogatories on Plaintiff.  Of those fifteen (15) interrogatories, no more than twelve (12) may be contention interrogatories.  Plaintiff shall propound no more than twenty-five (25) interrogatories on Defendants.  Of those twenty-five (25) interrogatories, no more than twelve (12) may be contention interrogatories.  Plaintiff's twenty-five (25) interrogatories may be divided amongst the Defendants as Plaintiff sees fit.  Should Plaintiff seek similar or identical company-specific information from both H&R Block and 2SS Holdings/TA, it must use separate interrogatories for both Defendants.  The parties' agreement regarding the number of interrogatories and the number of contention interrogatories does not limit their rights to object to any interrogatory on any ground, and does not waive either side's right to argue that contention interrogatories are (or any particular contention interrogatory is) improper or untimely.  Objections and responses to interrogatories shall be served within thirty (30) calendar days of service, unless otherwise agreed or by leave of court.

11. Neither Plaintiff nor Defendants (combined) is permitted to serve more than ten (10) requests for admissions.  The parties' agreement on requests for admissions does not limit their rights to object to any specific request on any ground.  Objections and responses to requests for admission shall be served within thirty (30) calendar days of service, unless otherwise agreed or by leave of court.

## VI.   DOCUMENT DISCOVERY

12.   Defendants (combined) may serve no more than fifteen (15) document requests on Plaintiff.  Plaintiff may serve no more than twenty-five (25) document requests on Defendants (combined).  Plaintiff's twenty-five (25) document requests may be divided amongst the Defendants as Plaintiff sees fit, except that Plaintiff may not serve more than twenty (20) requests on any single Defendant.  For calculation purposes, a request to Defendant H&R Block to update its responses to certain document requests that were part of the Division's November 24, 2010 Request for Additional Information and Documentary Materials shall be considered one (1) request; a request to Defendants 2SS Holdings/TA to update their responses to certain document requests that were part of the Division's November 24, 2010 Request for Additional Information and Documentary Materials shall be considered one (1) request.  Inclusion of this explanation for calculation purposes does not limit Defendants' right to object to the Division's respective November 24, 2010 Requests that Plaintiff might seek to have updated.  Objections to any document requests shall be served within five (5) business days of service of the document request, and complete responsive productions (subject to any objections that have not been ruled upon) shall be served (1) by Defendants and Plaintiff within thirty (30) calendar days of service and (2) by non-parties within twenty (20) calendar days of service, unless otherwise agreed or by leave of court. Productions by parties and non-parties in response to document requests shall be made on a rolling basis, where practicable.  As part of the rolling production, Defendants shall produce no later than August 2 responsive documents for any employee or representative of any Defendant who (1) was not named as a custodian for the purpose of that Defendant's compliance with the requests for additional information issued during Plaintiff's

investigation, and (2) is on Defendants' July 8th or July 22nd witness lists. For any document or other discovery requests served prior to the entry of this Order, the timing for objections shall be calculated from the date this Order is entered.

13. Neither Plaintiff nor Defendants (combined) shall serve more than fifteen (15) document subpoenas, pursuant to Fed R. Civ. P. 45, on non-parties.

14. Non-parties will be requested to produce materials to both the Plaintiff and Defendants. The party that serves a document subpoena on a non-party pursuant Fed. R. Civ. P. 45 shall confirm whether the other side received the materials within one (1) business day of knowing receipt. If the non-party did not produce copies to both sides, the serving party will provide a copy of all materials produced to the other side within (1) business day after confirming that the other party did not receive the materials from the non-party. Any party that does not have access to materials provided by a non-party in response to a subpoena issued pursuant to Fed. R. Civ. P. 45 for at least one (1) business day before any deposition in which the materials will be used as exhibits may elect to have the deposition postponed until that party has had access to the materials for at least one (1) business day before the materials will be used as exhibits in any such deposition, unless good cause exists to excuse compliance with this requirement.

15. If a party provides to a non-party a written explanation, modification or extension of time to respond to a Rule 45 document request, that document and information will be provided to the other parties at the same time it is provided by the party issuing the request. Any oral modifications or extensions of time by a party to a non-party must be conveyed to the other parties as soon as practicable but in any event no later than one (1) business day after such modification or extension is granted.

## VII. CONFIDENTIAL INFORMATION

16.     Discovery and production of confidential information shall be governed by the Protective Order, a copy of which shall be included with any document requests issued to non-parties.

## VIII. SERVICE OF PLEADINGS AND DISCOVERY

17.     Plaintiff and Defendants shall serve all pleadings and discovery requests and any related or follow-up correspondence relating to any modifications, extensions, or any other changes, including Rule 45 subpoenas for documents, on the other parties (to a person, or persons, designated by the other parties) and the applicable non-parties by hand, e-mail, or facsimile.  Electronically transmitted pleadings and discovery requests not also sent by overnight mail shall also be served on the other parties by hand.

## IX. DEPOSITIONS

18.     Absent good cause shown, depositions shall be limited to no more than four (4) per side, plus declarants, experts, any potential witnesses on the parties' July 8th and July 22nd witness lists, or on the Plaintiff's rebuttal witness list.  For purposes of this Order, a deposition of a party or a non-party taken pursuant to Fed. R. Civ. P. 30(b)(6) shall count as one deposition, regardless of how many witnesses are designated for that deposition. Depositions taken for the sole purpose of:  (i) establishing the authenticity and/or admissibility of documents; (ii) laying the foundation for a possible objection to a claim of privilege; (iii) ascertaining compliance with a subpoena; and (iv) laying the foundation for a possible motion to compel, shall not count against the limit of four (4) depositions. Investigative depositions taken during the investigation of the Proposed Acquisition do not

count towards the limit of four (4) depositions. Plaintiff may further depose party witnesses whose investigative depositions were taken during the Investigation.

19. In accordance with Fed. R. Civ. P. 30(d)(2), all pre-hearing depositions are limited to one day in length (maximum of seven (7) hours of examination), unless the witness and the parties all consent to a longer examination. For depositions of individuals who are declarants or on any witness list, the noticing party shall be entitled to five (5) hours as well as any additional time not used by the opposing party. For depositions of individuals who are not declarants or on any witness list, the noticing party shall be entitled to four (4) hours as well as any additional time not used by the opposing party. If the opposing party requests more than the allotted time, the noticing party will make a reasonable effort to provide additional time, and the opposing party may also notice its own deposition, if the deponent is a declarant or on a witness list, or by using one of its own four (4) additional depositions.

## X. EXPERT WITNESS REPORTS AND DEPOSITIONS

20. Plaintiff's initial expert reports shall be served on Defendants no later than July 25, but Plaintiff shall identify its principal economic expert witness no later than July 18.

21. Defendants' expert reports shall be served on Plaintiff no later than August 15, but Defendants shall identify their principal economic expert witness no later than August 1.

22. Plaintiff shall serve any supplemental or rebuttal expert reports on Defendants no later than August 24. Any supplemental reports served by Plaintiff may only address information that was unavailable prior to July 18. Any rebuttal reports served by Plaintiff may only rebut information contained in Defendants' expert reports.

23. Defendants shall serve on Plaintiff no later than August 31 any objections to Plaintiff's supplemental expert reports and any supplemental expert reports. Defendants may

file supplemental expert reports only if Defendants served document requests to non-parties during the period between July 25 and July 28 to obtain information relevant to the evaluation of any of Plaintiff's expert reports, and any supplemental report may only address information produced for the first time in response to any such document request after August 15.

24. Plaintiff shall serve on Defendants no later than September 6 any objections to Defendants' supplemental expert reports.

25. Each party's expert reports shall conform to Fed. R. Civ. P. 26(a)(2). The expert reports shall contain all opinions held by the expert as of that date. The parties agree that the following materials are not subject to discovery, unless the materials were relied upon by an expert or were a basis for an expert's opinion:

   a. Any form of oral or written communications or correspondence between any party's counsel and its experts, between testifying and non-testifying experts, or between testifying experts;

   b. Expert's notes;

   c. Drafts of expert reports; and

   d. Data formulations, data runs, or any database-related operations not relied upon by an expert in his or her final report.

## XI.   DEPOSITION DESIGNATIONS

26. The parties shall exchange designations of deposition testimony to be offered at the hearing no later than August 22, including any proposed redactions for public versions of designated testimony. Each party must provide objections, including objections to proposed redactions, and counter-designations and counter-redactions to designated deposition

testimony no later than August 29. The parties will promptly meet and confer to attempt to resolve any disputes. Any disputes that are not resolved through this means or the discovery process will be resolved by the Court.

### XII.  EXHIBITS AND EXHIBIT LISTS

27. No later than August 22, the parties will exchange numbered sets of all exhibits that the parties anticipate introducing in their cases in chief, including proposed redacted, public versions of exhibits. The parties will exchange any objections to the exhibits, or proposed redactions, and counter-redactions to be offered by the other side no later than August 29. Exhibit lists need not include exhibits used solely for purposes of cross-examination. The parties will promptly meet and confer to attempt to resolve any disputes. Any disputes that are not resolved through this means or the discovery process will be resolved by the Court.

28. On August 26, Plaintiff will provide Defendants with the exhibits that the Plaintiff anticipates introducing in rebuttal, including proposed redacted, public versions of exhibits, or if good cause exists for Plaintiff not to provide its rebuttal witnesses on August 26, the exhibits must be provided as soon after August 26 as is possible, including the use of after-hours service. The Defendants will provide Plaintiff with any objections to the rebuttal exhibits, or proposed redactions, and counter-redactions on August 29, or one (1) day after the Plaintiff provides its rebuttal exhibits to Defendants, whichever is later. Plaintiff's rebuttal exhibit lists need not include exhibits used solely for purposes of cross-examination. The parties will promptly meet and confer to attempt to resolve any disputes. Any disputes that are not resolved through this means or the discovery process will be resolved by the Court.

29. Demonstrative exhibits need not be included in the exhibit list, but before any such exhibit may be introduced, or otherwise used, at the hearing, it must be served on all counsel at least two (2) business days before any such use, except that, if good cause exists for not providing two (2) business days advance notice, the exhibit must be served as close to two (2) business days in advance of its use as is possible, including the use of after-hours service.  Demonstrative exhibits to be used by experts that are properly disclosed pursuant to Section X of this Order may be slightly revised before use, provided that the revised version is served on the opposing party at least two (2) business days before any such exhibit may be introduced, or otherwise used, at the hearing, except that, if good cause exists for not providing two (2) business days advance notice, the revised version must be served as close to two (2) business days in advance of its use as is possible, including the use of after-hours service.

### XIII.   USE OF GOVERNMENT'S INVESTIGATIVE ORAL EXAMINATION TRANSCRIPTS OF PARTY WITNESSES

30. Defendants will not object on hearsay grounds to the admissibility of transcripts of oral examinations of individuals who were employees or other representatives of a party when examined, that were conducted by the Plaintiff during Plaintiff's investigation of the transaction underlying this action.  Proffered testimony must be identified by line and page number at the same time and in the same manner as deposition designations.  If Plaintiff offers investigative deposition testimony at trial, and the Defendants were not permitted to defend the deposition, these witnesses may be called at trial for purposes of cross-examination and re-direct.

## XIV.   NATIONWIDE SERVICE OF SUBPOENAS

31.   Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties are permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness that is otherwise "unavailable" for purposes of Fed. R. Civ. P. 32 and Fed. R. Evid. 804, available under those rules.

## XV.   CONSUMMATION OF THE TRANSACTION

32.   The Defendants shall not consummate the proposed transaction for at least five (5) business days following a final order by this Court on Plaintiff's motion for a preliminary injunction, unless Plaintiff consents otherwise.

## XVI.   EVIDENTIARY PRESUMPTIONS

33.   Documents produced by any party or nonparty from its own files shall be presumed to be authentic and business records within the meaning of Fed. R. Evid. 901 and 803(6).  Any good faith objection to a document's authenticity must be provided at the same time as other objections to intended trial exhibits.  If the opposing side serves a specific good faith written objection to the document's authenticity or its status as a business record, the above presumption will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.  Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

## XVII. PREHEARING MOTIONS

34. Prehearing motions shall be filed no later than August 26, and any oppositions to prehearing motions shall be filed no later than August 31.

## XVIII. PREHEARING CONFERENCE

35. Following submission of the parties' Prehearing Statements and any oppositions to prehearing motions, the Court should hold a Prehearing Conference at which time the Court may rule on prehearing motions and resolve any outstanding disputes regarding the admissibility of exhibits at the Preliminary Injunction Hearing, and the submission of exhibits under seal (and the submission of associated, redacted, public exhibits). The parties request that the Court schedule the Prehearing Conference for September 2.

## XIX. HEARING

36. The parties request that the Court conduct an evidentiary hearing on Plaintiff's preliminary injunction motion beginning on September 6. By no later than July 22, 2011, the parties will exchange their respective positions on the proposed length of the evidentiary hearing and will present the Court with a joint submission on this issue no later than July 29, 2011.

## XX. MODIFICATION OF THIS ORDER

37. This Order shall control the subsequent course of this action, unless modified by agreement of the parties and approved by the Court or modified by the Court for good cause shown.

**SO ORDERED:**

Dated this ____ day of _____ 2011.

                                                                  _____
                                                                  Judge Beryl A. Howell
                                                                  United States District Court for the
                                                                  District of Columbia