**FILED**

JUL - 6 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

H&R BLOCK, INC.;
2SS HOLDINGS, INC.; and
TA IX L.P.,

*Defendants.*

---

Civil Action No. 11-00948 (BAH)
Judge Beryl A. Howell

### ~~PROPOSED~~ JOINT SCHEDULING AND CASE MANAGEMENT ORDER

In accordance with Rules 16 and 26 of the Federal Rules of Civil Procedure, Rule 16 of

the Local Rules of the United States District Court for the District of Columbia, this Court's

Standing Order for Civil Cases, this Court's June 30, 2011 Minute Order, and all other applicable

rules, the Court hereby ORDERS as follows:

### I.      PLEADING AND MOTIONS BRIEFING

1.      Plaintiff having filed its complaint on May 23, 2011, Defendants shall file their

Answers the first business day after this Order is entered.  Plaintiff shall file its motion for a

preliminary injunction and supporting papers (consistent with LCvR 65.1(c)) by no later than

August 1, 2011.  Defendants shall file their Oppositions to Plaintiff's motion for a

preliminary injunction and supporting papers (consistent with LCvR 65.1(c)) by no later than

August 12, 2011.  Plaintiff shall file its reply papers by no later than August 18, 2011.

Plaintiff's reply papers may present any documentary factual information discovered by

Plaintiff after July 18, 2011 and any testimonial factual information discovered after July 26,

2011.  Plaintiff and Defendants shall file, on August 18, 2011, their respective Pretrial

Statements, which are to conform, as much as applicable, to LCvR 16.5.  Pretrial Statements

need not include materials and information covered by LCvR 16.5(b)(iv), (v) and (vi) as

those items are anticipated elsewhere in this Order.  Consistent with the provisions in Part III

of this Proposed Joint Scheduling and Case Management Order, any declarations submitted

in support of the preliminary injunction motion or oppositions to the motion will be

considered by the Court in ruling on the motion.

## II.   INITIAL DISCLOSURES

2.      In lieu of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), the parties have

provided disclosures as follows under the terms and conditions set forth below:

(a)  Plaintiff's Initial Disclosures:

i.  Plaintiff produced to Defendants all correspondence, documents, data, oral

examination transcripts, depositions or any other materials and statements,

and executed declarations and affidavits, whether in hard-copy or

electronic form, exchanged between Plaintiff (including Plaintiff's

counsel) and any non-party (including the non-party's counsel) in

anticipation of or in the course of Plaintiff's investigation, which means

the Department of Justice's inquiry into the proposed acquisition of 2SS

Holdings Inc. by H&R Block, Inc. (collectively, "Investigation

Materials").  Plaintiff produced these Investigation Materials regardless of

whether those materials were received informally or through compulsory

process, such as a subpoena or a Civil Investigative Demand.  Plaintiff

was not required to produce back to Defendants documents or other

written materials originally received from Defendants or provided by the

Department of Justice to the Defendants during the investigation, transcripts of depositions of Defendants' employees or representatives that the Department of Justice authorized to be released to the Defendants, communications between counsel for Defendants and counsel for the United States, and documents that were not directly or indirectly furnished to any third party, such as internal memoranda authored by counsel for the United States. This Paragraph shall not be construed as requiring the production of Plaintiff's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or material subject to the deliberative process or any other governmental privilege.

ii. The disclosures set forth in Paragraph 1(a) were to be made on a rolling basis, and were completed within fourteen (14) calendar days from the entry of the Protective Order, *i.e.*, June 29, 2011. In order to avoid unnecessary delay incurred in the encryption of Plaintiff's production, Defendants picked up all of Plaintiff's electronic document productions at Plaintiff's offices in Washington, D.C.

(b) Defendants' Initial Disclosures:

i. Defendants produced to Plaintiff copies of all correspondence, documents, data, oral examination transcripts, depositions or any other materials and statements, and executed declarations and affidavits, whether in hard-copy or electronic form, exchanged between any Defendant (including Defendants' counsel) and any non-party (including the non-party's

- 3 -

counsel) in anticipation of, in the course of responding to, or otherwise relating to, Plaintiff's investigation. Defendants were not required to produce back to Plaintiff documents or other written materials originally received from Plaintiff or documents or other written materials already provided to Plaintiff, communications between counsel for the Defendants and counsel for the Plaintiff relating to the Department of Justice's investigation or challenge of the proposed transaction, and documents that were not directly or indirectly furnished to any third party, such as internal memoranda authored by counsel for the Defendants. This Paragraph shall not be construed as requiring the production of Defendants' attorney work product, confidential attorney-client communications, privileged joint defense communications, or communications with or information provided to any potentially or actually retained expert.

ii. The disclosures set forth in Paragraph 1(b) were to be made on a rolling basis, and were completed within fourteen (14) calendar days from the entry of the Protective Order, *i.e.*, June 29, 2011.

### III.   WITNESS LISTS

3.      On July 8, Plaintiff and Defendants shall exchange their initial lists of fact witnesses. Each list may contain no more than ten (10) fact witnesses that the side providing the list believes may testify on its behalf, live or in deposition. By no later than July 22, Plaintiff and Defendants may supplement their respective lists by no more than five (5) additional fact witnesses. For each new witness, the side adding the witness shall explain, in writing, why that witness was not on the initial witness list. Other than declarations of

counsel, any declaration that Plaintiff intends to submit in support of its Motion for a

Preliminary Injunction or Reply, or that Defendants intend to submit in support of their

Opposition to the Preliminary Injunction, must be provided to the other side by no later than

July 8, 2011, unless the declaration has not, in good faith, been executed by that date, in

which case it must be provided to the other side by no later than July 15, 2011.  In the event a

party intends to submit a declaration on July 15, 2011, that party must give notice to the other

side by no later than July 8, 2011 of that anticipated declaration.  Non-counsel declarations

that are not exchanged in accordance with the preceding sentences will not be considered by

the Court in ruling on the Motion for a Preliminary Injunction.  In Defendants' Opposition to

the Preliminary Injunction, Defendants may aver to testimony they anticipate a witness will

provide at the hearing.  In Plaintiff's Reply thereto, Plaintiff may aver to testimony it

anticipates a witness will provide at the hearing.

      4.      On August 15, Plaintiff and Defendants will exchange final witness lists for their

cases-in-chief.  Each list may include any fact witness that was on either side's July 8th or

July 22nd list, except that neither the Plaintiff's nor the Defendants' final witness list for their

case in chief may contain more than eight (8) fact witnesses and four (4) expert witnesses.

      5.      On August 17, Plaintiff will disclose to Defendants the witnesses that it plans to

call on rebuttal (if any), or if good cause exists for Plaintiff not to disclose its rebuttal

witnesses on August 17, the witnesses must be disclosed as soon after August 17 as is

possible, including the use of after-hours service.  Plaintiff will explain, in writing, with its

disclosure why any rebuttal fact witness was not on the final fact witness list.  Any fact

rebuttal witness must have already been deposed, have been on a parties' July 8th or July 22nd

witness lists, or have been identified to Defendants prior to the exchange of final witness lists

on August 15, unless good cause exists to excuse non-compliance with the foregoing requirements. Defendants will have a reasonable opportunity to depose any rebuttal witnesses that have not already been deposed and that were not listed on a party's July 8th or July 22nd witness lists at least one (1) business day before cross examination. Plaintiff may not call more than two (2) rebuttal fact witnesses and two (2) rebuttal expert witnesses.

6.      On August 30, 2011, the Parties will exchange and provide to the Court the schedule of witnesses to be called by each Party.

## IV.    DISCOVERY PERIOD

7.      The period for fact discovery (other than for purposes of establishing authenticity or admissibility) shall begin after the Court enters this Order and shall be completed by August 10, except for depositions of Plaintiff's rebuttal witnesses that are not on either side's July 8th or July 22nd witness lists and were not already deposed before their identification as rebuttal witnesses.

8.      The service of interrogatories, requests for admission, and document requests to the parties and nonparties shall be completed by July 12.

9.      The period for expert discovery shall begin after the Court enters this Order and shall be completed by August 12, 2011 — except that depositions of experts will commence on August 19 and continue until August 31, 2011, unless otherwise agreed by the parties. The order of depositions will be agreed to between the parties.

## V.    WRITTEN DISCOVERY

10.     Defendants (combined) shall propound no more than fifteen (15) interrogatories on Plaintiff. Of those fifteen (15) interrogatories, no more than twelve (12) may be contention interrogatories. Plaintiff shall propound no more than twenty-five (25)

interrogatories on Defendants. Of those twenty-five (25) interrogatories, no more than

twelve (12) may be contention interrogatories. Plaintiff's twenty-five (25) interrogatories

may be divided amongst the Defendants as Plaintiff sees fit. Should Plaintiff seek similar or

identical company-specific information from both H&R Block and 2SS Holdings/TA, it must

use separate interrogatories for both Defendants. The parties' agreement regarding the

number of interrogatories and the number of contention interrogatories does not limit their

rights to object to any interrogatory on any ground, and does not waive either side's right to

argue that contention interrogatories are (or any particular contention interrogatory is)

improper or untimely. Objections and responses to interrogatories shall be served within

fourteen (14) calendar days of service or entry of this Order, whichever is later, unless

otherwise agreed or by leave of court.

11.     Neither Plaintiff nor Defendants (combined) is permitted to serve more than ten

(10) requests for admissions. The parties' agreement on requests for admissions does not

limit their rights to object to any specific request on any ground. Objections and responses to

requests for admission shall be served within fourteen (14) calendar days of service or entry

of this Order, whichever is later, unless otherwise agreed or by leave of court.

### VI.     DOCUMENT DISCOVERY

11.     Defendants (combined) may serve no more than fifteen (15) document requests

on Plaintiff. Plaintiff may serve no more than twenty-five (25) document requests on

Defendants (combined). Plaintiff's twenty-five (25) document requests may be divided

amongst the Defendants as Plaintiff sees fit, except that Plaintiff may not serve more than

twenty (20) requests on any single Defendant. For calculation purposes, a request to

Defendant H&R Block to update its responses to certain document requests that were part of

the Division's November 24, 2010 Request for Additional Information and Documentary Materials shall be considered one (1) request; a request to Defendants 2SS Holdings/TA to update their responses to certain document requests that were part of the Division's November 24, 2010 Request for Additional Information and Documentary Materials shall be considered one (1) request. Inclusion of this explanation for calculation purposes does not limit Defendants' right to object to the Division's respective November 24, 2010 Requests that Plaintiff might seek to have updated. Objections to any document requests shall be served within five (5) business days of service of the document request, and complete responsive productions (subject to any objections that have not been ruled upon) shall be served (1) by Defendants and Plaintiff within 30 calendar days of service and (2) by non-parties within 20 calendar days of service, unless otherwise agreed or by leave of court. Productions by parties and non-parties in response to document requests shall be made on a rolling basis, where practicable. As part of the rolling production, unless good cause is shown, Defendants shall produce no later than July 25 responsive documents for any employee or representative of any Defendant who (1) was not named as a custodian for the purpose of that Defendant's compliance with the requests for additional information issued during Plaintiff's investigation, and (2) is on Defendants' July 8th or July 22nd witness lists. For any document or other discovery requests served prior to the entry of this Order, the timing for objections shall be calculated from the date this Order is entered.

12.     Neither Plaintiff nor Defendants (combined) shall serve more than fifteen (15) document subpoenas, pursuant to Fed R. Civ. P. 45, on non-parties.

13.     Non-parties will be requested to produce materials to both the Plaintiff and Defendants. The party that serves a document subpoena on a non-party pursuant Fed. R. Civ.

P. 45 shall confirm whether the other side received the materials within one (1) business day of knowing receipt.  If the non-party did not produce copies to both sides, the serving party will provide a copy of all materials produced to the other side within (1) business day after confirming that the other party did not receive the materials from the non-party.  Any party that does not have access to materials provided by a non-party in response to a subpoena issued pursuant to Fed. R. Civ. P. 45 for at least one (1) business day before any deposition in which the materials will be used as exhibits may elect to have the deposition postponed until that party has had access to the materials for at least one (1) business day before the materials will be used as exhibits in any such deposition, unless good cause exists to excuse compliance with this requirement.

14.     If a party provides to a non-party a written explanation, modification or extension of time to respond to a Rule 45 document request, that document and information will be provided to the other parties at the same time it is provided by the party issuing the request. Any oral modifications or extensions of time by a party to a non-party must be conveyed to the other parties as soon as practicable but in any event no later than one (1) business day after such modification or extension is granted.

## VII.   CONFIDENTIAL INFORMATION

15.     Discovery and production of confidential information shall be governed by the Protective Order, a copy of which shall be included with any document requests issued to non-parties.

## VIII.   SERVICE OF PLEADINGS AND DISCOVERY

16.     Plaintiff and Defendants shall serve all pleadings and discovery requests and any related or follow-up correspondence relating to any modifications, extensions, or any other

changes, including Rule 45 subpoenas for documents and/or testimony, (1) on the other

parties (to a person, or persons, designated by the other parties) by e-mail (unless the size of

the materials makes e-mail impractical, in which case service may be effectuated either by

hand or overnight mail), and (2) on the applicable non-parties by hand, e-mail, mail or

facsimile. The parties shall serve each other with copies of all such materials (including but

not limited to every third-party subpoena for documents and/or testimony) as soon after they

are served as is practical but in no event later than one (1) business day after service unless

good cause is shown.

### IX.    DEPOSITIONS

17.    Absent good cause shown, depositions shall be limited to no more than four (4)

per side, plus declarants, experts, any potential witnesses on the parties' July 8th and July 22nd

witness lists, or on the Plaintiff's rebuttal witness list. For purposes of this Order, a

deposition of a party or a non-party taken pursuant to Fed. R. Civ. P. 30(b)(6) shall count as

one deposition, regardless of how many witnesses are designated for that deposition.

Depositions taken for the sole purpose of: (i) establishing the authenticity and/or

admissibility of documents; (ii) laying the foundation for a possible objection to a claim of

privilege; (iii) ascertaining compliance with a subpoena; and (iv) laying the foundation for a

possible motion to compel, shall not count against the limit of four (4) depositions.

Investigative depositions taken during the investigation of the Proposed Acquisition do not

count towards the limit of four (4) depositions. Plaintiff may further depose party witnesses

whose investigative depositions were taken during the Investigation.

18.    In accordance with Fed. R. Civ. P. 30(d)(2), all pre-hearing depositions are

limited to one day in length (maximum of seven (7) hours of examination), unless the witness

and the parties all consent to a longer examination. For depositions of individuals who are declarants or on any witness list, the noticing party shall be entitled to five (5) hours as well as any additional time not used by the opposing party. For depositions of individuals who are not declarants or on any witness list, the noticing party shall be entitled to four (4) hours as well as any additional time not used by the opposing party. If the opposing party requests more than the allotted time, the noticing party will make a reasonable effort to provide additional time, and the opposing party may also notice its own deposition, if the deponent is a declarant or on a witness list, or by using one of its own four (4) additional depositions. All fact depositions, except for depositions of Plaintiff's rebuttal fact witnesses as set forth in Paragraph 5, must be completed by August 12 unless agreed by the parties or by order of this Court.

### X.    EXPERT WITNESS REPORTS AND DEPOSITIONS

19.     Plaintiff's initial expert reports shall be served on Defendants no later than July 25, but Plaintiff shall identify its principal economic expert witness no later than July 18.

20.     Defendants' expert reports shall be served on Plaintiff no later than August 12, but Defendants shall identify their principal economic expert witness no later than August 1.

21.     Plaintiff shall serve any supplemental or rebuttal expert reports on Defendants no later than August 18. Any supplemental reports served by Plaintiff may only address information that was unavailable prior to July 18. Any rebuttal reports served by Plaintiff may only rebut information contained in Defendants' expert reports.

22.     Each party's expert reports shall conform to Fed. R. Civ. P. 26(a)(2). The expert reports shall contain all opinions held by the expert as of that date. The parties agree that the

following materials are not subject to discovery, unless the materials were relied upon by an

expert or were a basis for an expert's opinion:

    a.  Any form of oral or written communications or correspondence between any

        party's counsel and its experts, between testifying and non-testifying experts, or

        between testifying experts;

    b.  Expert's notes;

    c.  Drafts of expert reports; and

    d.  Data formulations, data runs, or any database-related operations not relied upon

        by an expert in his or her final report.

### XI.    DEPOSITION DESIGNATIONS

23.    The parties shall exchange designations of deposition testimony to be offered at

the hearing no later than August 13 (unless otherwise agreed by the parties), including any

proposed redactions for public versions of designated testimony.  Each party must provide

objections, including objections to proposed redactions, and counter-designations and

counter-redactions to designated deposition testimony no later than August 16.  The parties

will promptly meet and confer to attempt to resolve any disputes.  Any disputes that are not

resolved through this means or the discovery process will be resolved by the Court.

### XII.    EXHIBITS AND EXHIBIT LISTS

24.    No later than August 13 (unless otherwise agreed by the parties), the parties will

exchange numbered sets of all exhibits that the parties anticipate introducing in their cases in

chief, including proposed redacted, public versions of exhibits.  The parties will exchange

any objections to the exhibits, or proposed redactions, and counter-redactions to be offered

by the other side no later than August 16.  Exhibit lists need not include exhibits used solely

for purposes of cross-examination.  All exhibits, objections and redactions are due by August

18, 2011.  The parties will promptly meet and confer to attempt to resolve any disputes.  Any

disputes that are not resolved through this means or the discovery process will be resolved by

the Court.

25.    On August 18, Plaintiff will provide Defendants with the exhibits that the Plaintiff

anticipates introducing in rebuttal, including proposed redacted, public versions of exhibits.

Defendants will provide Plaintiff with any objections to those rebuttal exhibits, or proposed

redactions, and counter-redactions on August 22.  Plaintiff's rebuttal exhibit lists need not

include exhibits used solely for purposes of cross-examination.  The parties will promptly

meet and confer to attempt to resolve any disputes.  Any disputes that are not resolved

through this means or the discovery process will be resolved by the Court.

26.    Demonstrative exhibits need not be included in the exhibit list, but before any

such exhibit may be introduced, or otherwise used, at the hearing, it must be served on all

counsel at least two (2) business days before any such use, except that, if good cause exists

for not providing two (2) business days advance notice, the exhibit must be served as close to

two (2) business days in advance of its use as is possible, including the use of after-hours

service.  Demonstrative exhibits to be used by experts that are properly disclosed pursuant to

Section X of this Order may be slightly revised before use, provided that the revised version

is served on the opposing party at least two (2) business days before any such exhibit may be

introduced, or otherwise used, at the hearing, except that, if good cause exists for not

providing two (2) business days advance notice, the revised version must be served as close

to two (2) business days in advance of its use as is possible, including the use of after-hours

service.

## XIII.   USE OF GOVERNMENT'S INVESTIGATIVE ORAL EXAMINATION TRANSCRIPTS OF PARTY WITNESSES

27.      Defendants will not object on hearsay grounds to the admissibility of transcripts of oral examinations of individuals who were employees or other representatives of a party when examined, that were conducted by the Plaintiff during Plaintiff's investigation of the transaction underlying this action.  Proffered testimony must be identified by line and page number at the same time and in the same manner as deposition designations.  If Plaintiff offers investigative deposition testimony at trial, and the Defendants were not permitted to defend the deposition, these witnesses may be called at trial for purposes of cross-examination and re-direct.

## XIV.   NATIONWIDE SERVICE OF SUBPOENAS

28.      Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties are permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other district requiring witnesses to appear in this Court. The availability of nationwide service of process, however, does not make a witness that is otherwise "unavailable" for purposes of Fed. R. Civ. P. 32 and Fed. R. Evid. 804, available under those rules.

## XV.   CONSUMMATION OF THE TRANSACTION

29.      The Defendants shall not consummate the proposed transaction for at least five (5) business days following a final order by this Court on Plaintiff's motion for a preliminary injunction, unless Plaintiff consents otherwise.

## XVI.   EVIDENTIARY PRESUMPTIONS

30.      Documents produced by any party or nonparty from its own files shall be presumed to be authentic and business records within the meaning of Fed. R. Evid. 901 and

- 14 -

803(6).  Any good faith objection to a document's authenticity must be provided at the same

time as other objections to intended trial exhibits.  If the opposing side serves a specific good

faith written objection to the document's authenticity or its status as a business record, the

above presumption will no longer apply to that document and the parties will promptly meet

and confer to attempt to resolve any objection.  Any objections that are not resolved through

this means or the discovery process will be resolved by the Court.

## XVII.  PREHEARING MOTIONS

31.     Prehearing motions not otherwise covered in this Order shall be filed no later than

August 12, and any oppositions to prehearing motions shall be filed no later than August 18

except that pre-hearing motions concerning Defendants' experts will be due by August 19

and pre-hearing motions concerning Plaintiff's rebuttal experts will be due on August 25.

Oppositions to any such motions will be due within three (3) business days.

## XVIII.    PREHEARING CONFERENCE

32.     On September 2, 2011, the Court shall hold a Prehearing Conference at which

time the Court may rule on prehearing motions and resolve any outstanding disputes

regarding the admissibility of exhibits at the Preliminary Injunction Hearing, and the

submission of exhibits under seal (and the submission of associated, redacted, public

exhibits).

## XIX.  HEARING

33.     The hearing on Plaintiff's preliminary injunction motion shall begin on September

6.  By no later than July 22, 2011, the parties will exchange their respective positions on the

proposed length of the evidentiary hearing and will present the Court with a joint submission

on this issue no later than July 29, 2011 — unless the Court Orders otherwise.

## XX.   MODIFICATION OF THIS ORDER

34.     This Order shall control the subsequent course of this action, unless modified by agreement of the parties and approved by the Court or modified by the Court for good cause shown.  The parties reserve the right to petition the Court for relief from any provision of this Order.


**SO ORDERED:**

Dated this ____ day of July 2011.

_____
Judge Beryl A. Howell
United States District Court for the
District of Columbia